# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
May 24, 2010

Lyle W. Cayce
Clerk

No. 09-50829
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

CESAR FLORES-GARCIA,

Defendant–Appellant.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:09-CR-1498-1

Before GARZA, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Cesar Flores-Garcia appeals the 46-month sentence imposed following his guilty plea conviction for illegal reentry following deportation in violation of 8 U.S.C. § 1326. He contends that the sentence is substantively unreasonable because it is greater than necessary to satisfy the sentencing goals set forth in 18 U.S.C. § 3553(a). Relying on *Kimbrough v. United States*, 552 U.S. 85, 108-10 (2007), he argues that the guidelines range was too severe because U.S.S.G. § 2L1.2 is not empirically based and double counts a defendant's criminal record.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

He also argues that the guidelines range overstated the seriousness of his criminal history and non-violent reentry offense, which amounted to an "international trespass." Finally, Flores-Garcia argues that the guidelines range failed to account for his age, his single prior conviction, and that, despite prior removals, this was his first illegal reentry offense.

Flores-Garcia did not object to the reasonableness of his sentence after it was imposed; thus, our review is for plain error only. *See United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007). To show plain error, Flores-Garcia must show a forfeited error that is clear or obvious and that affects his substantial rights. *See Puckett v. United States*, 129 S. Ct. 1423, 1429 (2009). If he makes such a showing, we may exercise our discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *See id.*

We review the "substantive reasonableness of the sentence imposed under an abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 51 (2007). "A discretionary sentence imposed within a properly calculated guidelines range is presumptively reasonable." *United States v. Campos-Maldonado*, 531 F.3d 337, 338 (5th Cir. 2008), *cert. denied*, 129 S. Ct. 328 (2008). As Flores-Garcia concedes, an appellate presumption of reasonableness can be applied "[e]ven if the Guidelines are not empirically-grounded." *United States v. Mondragon-Santiago*, 564 F.3d 357, 366 (5th Cir. 2009), *cert. denied*, 130 S. Ct. 192 (2009).

This court has consistently rejected Flores-Garcia's "empirical data" argument. *See id.* at 366-67; *United States v. Duarte*, 569 F.3d 528, 529-30 (5th Cir. 2009), *cert. denied*, 130 S. Ct. 378 (2009). This court has also rejected the argument that double-counting necessarily renders a sentence unreasonable. *See Duarte,* 569 F.3d at 529-31.

The district court considered Flores-Garcia's request for a downward variance, and it ultimately determined that a sentence at the bottom of the

applicable guidelines range was appropriate based on the circumstances of the case and the § 3553(a) factors. The district court noted that Flores-Garcia had been removed from the United States on 10 occasions. The district court also noted that it had sentenced Flores-Garcia to only nine months of imprisonment on his prior alien-smuggling conviction, at which time he was warned of the consequences of illegally reentering the United States. Moreover, the district court indicated that it would have imposed a higher sentence if not for Flores-Garcia's pending supervised release revocation. Flores-Garcia's assertions that § 2L1.2's lack of an empirical basis, the double-counting of his single prior conviction, the non-violent nature of his offense, his age, and the lack of any prior illegal reentry offenses justified a lower sentence are insufficient to rebut the presumption of reasonableness. *See United States v. Gomez-Herrera*, 523 F.3d 554, 565-66 (5th Cir. 2008). Therefore, Flores-Garcia has failed to show that his within-guidelines sentence is substantively unreasonable, and he has not shown error, plain or otherwise. *See id.*; *Campos-Maldonado*, 531 F.3d at 339. Accordingly, the district court's judgment is AFFIRMED.